By the Court. Bosworth, J.
The defendant, Jump, is sued as indorsor of two several promissory notes. The only question is, whether the notice of presentment for payment and of nonpayment was so served as to charge him as indorsor.
Each note, by its terms, was payable at the American Exchange Bank in this city. Jump resided at Ho. 88 Avenue D, in this city. The notices of protest were served by depositing them in the post-office in this city, directed to him at Ho. 88 Avenue D, city of Hew York, and paying the postage thereon.
There was no evidence that Jump actually received it, nor of any act done to secure a delivery of it to him except that already stated.
The Judge who presided at the trial directed a verdict to be entered for the plaintiff, subject to the opinion of the court at General Term, upon the question of law, whether that was a good service, or whether the notice should have been served on the defendant personally, or, if he could not be found, by leaving it at his residence or place of business, with liberty to the court, at General Term, to dismiss the complaint if so advised.
When the indorser resides in the same place where the presentment or demand must be made, the general rule is, that notice to the indorser must be served on him personally, or by leaving it at his residence or place of business.
The only exceptions to this rule are, that when the indorser lives in the same town or city in which the demand must be made, but at some point remote from the place of presentment, between which there is a communication by mail, the notice may be served by mailing it to him, directed to him at a post-office where he usually receives his letters and papers.
In this case, so far as the evidence given justifies any conclusion, the notice was not deposited to be forwarded to the defendant by mail to some post-office, nearer his residence than the place *494 of presentment,at which he usually received his letters and papers, but to remain there until called for.
This case, therefore, presents precisely the same question which was decided in Ireland v. Kipp, (10 J. R. 490, and 11 id. 231,) without any fact being proved to bring it within the exceptions to the general rule, that the service of the notice must be personal when the place of presentment and that of the residence of the indorser are the same.
In Ransom v. Mack, (2 Hill, 587-590,) the rule is stated thus: “ Whether mail service is good or not does not depend upon the inquiry, whether the person to be charged resides within the same legal district, but upon the question, whether the notice may be transmitted by mail from the place of presentment, or demand, to another post-office where the drawer or indorser usually receives his letters and papers ?” (See The Montgomery County Bank v. Marsh, 3 Seld. 481.)
In Bowling v. Harrison, (6 How. U. S. R. 248,) substantially the same rule was declared.
The service of the notice proved to have been made, was insufficient to charge the defendant, as indorser, and the complaint, pursuant to the stipulation contained in the case, must be dismissed, unless the plaintiff elects to have a new trial, which is granted on his paying the costs of the trial and of the subsequent proceedings. The election to be made o.n settling the order, so that it may be entered in conformity with such election.