Moncrief, J.
Upon the hearing of this appeal, the defendant argued the following propositions:
1. The service of the notice of dishonor was insufficient.
2. The notice was insufficient on its face: it did not inform the indorser which note was intended.
3. The fact that an action was pending on the note which first matured was immaterial.
The first and last points were not much pressed upon the argument—the question mainly discussed being that presented by the second point. The first point, however, was distinctly made upon the trial and now forms part of the case, and must be considered in disposing of the appeal.
Notice of the non-payment of the note was necessary in order to charge the defendant as indorser. He was entitled to such a notice as would inform him of the protest of the note' in suit. In determining whether the notice was sufficient, the circum-stances of the ease—the fact that he had indorsed but two such notes; that one was past due, and either had or had not been protested; that a suit on that note was actually being litigated by him; that one was payable at three, and the other at six months after date; that the date of the present notice is the day of the maturity of the last note; all of which was within the knowledge of the defendant—may be taken into consideration with a view to show that the defendant could not possibly have been misled or mistaken in regard to the meaning of the notice and the identity of the note. There could be no uncertainty as to which of the two notes was protested on the 3d of July, 1854. One had been due for three months, and a suit thereon had been pending against the defendant for nearly the same period. The other note (the note in controversy) became due on that day. A similar notice was held good in Youngs v. Lee. (2 Kern., 552; see, also, 5 Seld., 286; 23 Wend., 626.)
*536 It was proper to admit evidence of the fact of the suit pending upon the first note, and the answer of the defendant therein to meet" the suggestion that he was or might be misled by the notice in the present action—a suggestion based on the fact that the defendant had indorsed two notes of the same date and amount. Whether the defendant could or could not have been misled’was a question of fact; and he declined to submit it to the jury.
The Court did not err in its ruling with regard to the second or third point.
As to the service of the notice, the most liberal view that the evidence will admit on behalf of the plaintiff is, that the Notary left one notice at 64 Trinity Buildings, and sent another to the defendant’s office at 22 William street. The address marked on the note, affixed to the indorsement of the defendant, might, under certain circumstances, authorize a notice to be served upon some person at that place, or left there; but that would • not be a proper place to leave it, if the Notary knew it had ceased to be the" defendant’s place of business, unless his new place of business was not known or could not be ascertained' upon inquiry. It is the duty of the Notary, or of the holder, to make diligent search and inquiry for the maker, his place of business or residence, in order to present the note and to protest it for non-payment; and I can see no good reason why the same diligence should not be required and exercised as against the party alone to be made liable by such diligence. The proof of service should show either that the notice was served personally, or, if the indorser could not be found, that it was left at his resi denee or place of business, or furnish some sufficient reason for other service being made. It is a just inference from the evidence that the Notary knew the place of business of the defendant. The evidence did not show what place 64 Trinity Buildings was, what connection, if any, the defendant had with it, to whom, if to any person, the notice was delivered, or the relation such person had to the defendant, or what disposition was made of the notice at that place. The other notice was sent to the office of the defendant at 22 William street. It does not appear by whom or by what means this was sent, nor to whom it was delivered, nor that- it actually reached the building having that number. This, in my opinion, is not sufficient. Notice should be brought *537 home to the defendant either by personal service or by leaving the same with some person at his place of business or residence, or some reasonable excuse should be given for the omission. (See 6 Duer, 492; 16 N. Y. R., 237; 11 Johns., 232; 3 Seld., 481; 24 Wend., 230.)
The act of 1857, (ch. 416, p. ■ 839,) seems to sustain this view, as its object is to relieve holders of notes, &c., from embarrassment as to the manner of serving notice in order to charge the indorsers. The act, however, in express terms, excludes from its operation all notes made prior to its passage, and, of course, does not affect the note in suit. '
The service of the notice not being sufficiently proved, the judgment must be reversed solely oh this ground, and a new trial ordered, with costs to abide the event.
Bosworth, Oh. J., and Hoffman, J., concurred.
Judgment reversed, and new trial granted, with costs to abide the event.